AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO 3:08-cv-2911-CRB |
| *This document relates to* | |
| LINDA MARLER and DORMAN MARLER, | **PFIZER INC.'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., | |
| Defendant. | |

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

**II.**

**ORIGINAL ANSWER**

**Response to Allegations Regarding Jurisdiction**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Response to Allegations Regarding the Nature of the Case**

2.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is
2  defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining
3  allegations in this paragraph of the Complaint.

4      4.      Defendant states that Bextra® was and is safe and effective when used in accordance
5  with its FDA-approved prescribing information.  Defendant states that the potential effects of
6  Bextra® were and are adequately described in its FDA-approved prescribing information,
7  which was at all times adequate and comported with applicable standards of care and law.
8  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the
9  remaining allegations in this paragraph of the Complaint.

10     5.      Defendant states that Bextra® was and is safe and effective when used in accordance
11 with its FDA-approved prescribing information.  Defendant states that the potential effects of
12 Bextra® were and are adequately described in its FDA-approved prescribing information,
13 which was at all times adequate and comported with applicable standards of care and law.
14 Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
15 of the Complaint.

16     6.      Defendant states that Bextra® was and is safe and effective when used in accordance
17 with its FDA-approved prescribing information.  Defendant states that the potential effects of
18 Bextra® were and are adequately described in its FDA-approved prescribing information,
19 which was at all times adequate and comported with applicable standards of care and law.
20 Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
21 of the Complaint.

22     7.      Defendant states that Bextra® was and is safe and effective when used in accordance
23 with its FDA-approved prescribing information.  Defendant states that the potential effects of
24 Bextra® were and are adequately described in its FDA-approved prescribing information,
25 which was at all times adequate and comported with applicable standards of care and law.
26 Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
27 of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age and citizenship, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations in this paragraph of the Complaint.

11.     Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

12.     Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13.     Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

14.     Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

15.     Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

16.     Defendant admits that it does business in the United States, including New York. Defendant denies the remaining allegations in this paragraph of the Complaint.

17.     Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

18.     Defendant admits that it is registered to do and does business in New York. Defendant is without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same. Defendant denies any wrongful conduct, denies committing a tort in the States of New York or California, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

19.     Defendant admits that Bextra® was approved by the FDA, on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

20.     Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant states that the remaining allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required. To the extent that a response is deemed required, Defendant states that Plaintiffs fail to provide the context for the remaining allegations in this paragraph of the Complaint. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

21.     Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2). At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)." Defendant states that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint are not directed toward Defendant,

2    and, therefore, no response is required.  To the extent that a response is deemed required,

3    Defendant states that Plaintiffs fail to provide the context for the remaining allegations in this

4    paragraph of the Complaint.  Defendant is therefore without knowledge or information

5    sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

6    22.    Defendant states that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendant states that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11   of the Complaint.

12   23.    Defendant states that the referenced media statement speaks for itself and respectfully

13   refers the Court to the media statement for its actual language and full text.  Any attempt to

14   characterize the media statement is denied.  Defendant denies the remaining allegations in this

15   paragraph of the Complaint.

16   24.    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S.

17   market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining

18   allegations in this paragraph of the Complaint.

19   25.    Defendant admits that, during certain periods of time, it marketed and co-promoted

20   Bextra® in the United States to be prescribed by healthcare providers who are by law

21   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant

22   admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for

23   use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as

24   well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

25   allegations in this paragraph of the Complaint.

26   26.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

28   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  when used in accordance with its FDA-approved prescribing information. Defendant states that

2  the potential effects of Bextra® were and are adequately described in its FDA-approved

3  prescribing information, which was at all times adequate and comported with applicable

4  standards of care and law. Defendant denies any wrongful conduct and denies the remaining

5  allegations in this paragraph of the Complaint.

6  27.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

8  and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

9  when used in accordance with its FDA-approved prescribing information. Defendant states that

10  the potential effects of Bextra® were and are adequately described in its FDA-approved

11  prescribing information, which was at all times adequate and comported with applicable

12  standards of care and law. Defendant denies any wrongful conduct and denies the remaining

13  allegations in this paragraph of the Complaint.

14  28.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

16  and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

17  when used in accordance with its FDA-approved prescribing information. Defendant states that

18  the potential effects of Bextra® were and are adequately described in its FDA-approved

19  prescribing information, which was at all times adequate and comported with applicable

20  standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is

21  unreasonably dangerous, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  29.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

25  and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

26  when used in accordance with its FDA-approved prescribing information. Defendant states that

27  the potential effects of Bextra® were and are adequately described in its FDA-approved

28  prescribing information, which was at all times adequate and comported with applicable

1  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

2  defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining

3  allegations in this paragraph of the Complaint.

4  **Response to First Cause of Action: Negligence and Negligence Per Se**

5  30.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

6  Complaint as if fully set forth herein.

7  31.    Defendant admits that it had duties as are imposed by law but denies having breached

8  such duties.  Defendant states that Bextra® was and is safe and effective when used in

9  accordance with its FDA-approved prescribing information.  Defendant states that the potential

10  effects of Bextra® were and are adequately described in its FDA-approved prescribing

11  information, which was at all times adequate and comported with applicable standards of care

12  and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13  32.    Defendant states that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendant states that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

18  denies the remaining allegations in this paragraph of the Complaint.

19  33.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

22  when used in accordance with its FDA-approved prescribing information.  Defendant states that

23  the potential effects of Bextra® were and are adequately described in its FDA-approved

24  prescribing information, which was at all times adequate and comported with applicable

25  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

26  allegations in this paragraph of the Complaint, including all subparts.

27  34.    Defendant states that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

35.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of

2    April 7, 2005. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably

3    dangerous, and denies the remaining allegations in this paragraph of the Complaint.

4    38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6    and, therefore, denies the same. Defendant denies any wrongful conduct, denies that Bextra®

7    caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of

8    the Complaint.

9    39.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

10    damages, and denies the remaining allegations in this paragraph of the Complaint.

11    40.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

12    damages, and denies the remaining allegations in this paragraph of the Complaint.

13    41.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

14    damages, and denies the remaining allegations in this paragraph of the Complaint.

15    42.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

16    damages, and denies the remaining allegations in this paragraph of the Complaint.

17    **Response to Second Cause of Action: Strict Products Liability**

18    43.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

19    Complaint as if fully set forth herein.

20    44.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

22    and, therefore, denies the same. Defendant admits that, during certain periods of time, it

23    marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

24    providers who are by law authorized to prescribe drugs in accordance with their approval by the

25    FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

26    45.    Defendant admits that, during certain periods of time, it marketed and co-promoted

27    Bextra® in the United States to be prescribed by healthcare providers who are by law

28    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-10-

that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendant denies the remaining allegations in this paragraph of the Complaint.

46.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

47.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

48.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

49.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   50.     Defendant states that Bextra® was and is safe and effective when used in accordance
2   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,
3   denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the
4   Complaint.

5   51.     Defendant is without knowledge or information sufficient to form a belief as to the truth
6   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
7   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
8   when used in accordance with its FDA-approved prescribing information.  Defendant states that
9   the potential effects of Bextra® were and are adequately described in its FDA-approved
10  prescribing information, which was at all times adequate and comported with applicable
11  standards of care and law.  Defendant denies the remaining allegations in this paragraph of the
12  Complaint.

13  52.     Defendant is without knowledge or information sufficient to form a belief as to the truth
14  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
15  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
16  when used in accordance with its FDA-approved prescribing information.  Defendant states that
17  the potential effects of Bextra® were and are adequately described in its FDA-approved
18  prescribing information, which was at all times adequate and comported with applicable
19  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining
20  allegations in this paragraph of the Complaint.

21  53.     Defendant states that this paragraph of the Complaint contains legal contentions to
22  which no response is required.  To the extent that a response is deemed required, Defendant
23  admits that it had duties as are imposed by law but denies having breached such duties.
24  Defendant states that Bextra® was and is safe and effective when used in accordance with its
25  FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®
26  were and are adequately described in its FDA-approved prescribing information, which was at
27  all times adequate and comported with applicable standards of care and law.  Defendant denies
28  any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    54.    Defendant states that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

7    denies the remaining allegations in this paragraph of the Complaint.

8    55.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

10    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

11    when used in accordance with its FDA-approved prescribing information.  Defendant states that

12    the potential effects of Bextra® were and are adequately described in its FDA-approved

13    prescribing information, which was at all times adequate and comported with applicable

14    standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

15    defective or unreasonably dangerous, denies that Bextra® caused Plaintiffs injury or damages,

16    and denies the remaining allegations in this paragraph of the Complaint.

17    56.    Defendant states that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.  Defendant states that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

22    remaining allegations in this paragraph of the Complaint.

23    57.    Defendant states that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendant states that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

28    remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   58.    Defendant states that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendant states that the potential effects of

3   Bextra® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

6   remaining allegations in this paragraph of the Complaint.

7   59.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

9   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

10   when used in accordance with its FDA-approved prescribing information.  Defendant states that

11   the potential effects of Bextra® were and are adequately described in its FDA-approved

12   prescribing information, which was at all times adequate and comported with applicable

13   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

14   defective, and denies the remaining allegations in this paragraph of the Complaint.

15   60.    Defendant states that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendant states that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

20   caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of

21   the Complaint.

22   61.    Defendant states that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendant states that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

27   remaining allegations in this paragraph of the Complaint.

28   62.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information.  Defendant states that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

5   caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of

6   the Complaint.

7   63.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

8   damages, and denies the remaining allegations in this paragraph of the Complaint.

9   64.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

10  damages, and denies the remaining allegations in this paragraph of the Complaint.

11  65.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

12  damages, and denies the remaining allegations in this paragraph of the Complaint.

13  **Response to Third Cause of Action: Breach of Express Warranty**

14  66.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

15  Complaint as if fully set forth herein.

16  67.    Defendant states that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendant states that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

21  Defendant denies the remaining allegations in this paragraph of the Complaint.

22  68.    Defendant states that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendant states that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27  of the Complaint.

28  69.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damages, and denies the remaining allegations in this paragraph of the Complaint.

2    70.    Defendant admits that it provided FDA-approved prescribing information regarding

3    Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

4    71.    Defendant admits that it provided FDA-approved prescribing information regarding

5    Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

6    72.    Defendant states that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendant states that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

11    remaining allegations in this paragraph of the Complaint.

12    73.    Defendant states that Bextra® was and is safe and effective when used in accordance

13    with its FDA-approved prescribing information.  Defendant states that the potential effects of

14    Bextra® were and are adequately described in its FDA-approved prescribing information,

15    which was at all times adequate and comported with applicable standards of care and law.

16    Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

17    Defendant denies the remaining allegations in this paragraph of the Complaint.

18    74.    Defendant states that Bextra® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendant states that the potential effects of

20    Bextra® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

23    of the Complaint.

24    75.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

25    damages, and denies the remaining allegations in this paragraph of the Complaint.

26    76.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

27    damages, and denies the remaining allegations in this paragraph of the Complaint.

28    77.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    damages, and denies the remaining allegations in this paragraph of the Complaint.

2    78.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

3    damages, and denies the remaining allegations in this paragraph of the Complaint.

4    **Response to Fourth Cause of Action: Breach of Implied Warranties**

5    79.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.

7    80.    Defendant admits that, during certain periods of time, it marketed and co-promoted

8    Bextra® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

10   the remaining allegations in this paragraph of the Complaint.

11   81.    Defendant is without knowledge or information sufficient to form a belief as to the truth

12   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

13   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

14   when used in accordance with its FDA-approved prescribing information.  Defendant states that

15   the potential effects of Bextra® were and are adequately described in its FDA-approved

16   prescribing information, which was at all times adequate and comported with applicable

17   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

18   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

19   of the Complaint.

20   82.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

25   Defendant denies the remaining allegations in this paragraph of the Complaint.

26   83.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably

3    dangerous, and denies the remaining allegations in this paragraph of the Complaint.

4    84.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

7    when used in accordance with its FDA-approved prescribing information.  Defendant states that

8    the potential effects of Bextra® were and are adequately described in its FDA-approved

9    prescribing information, which was at all times adequate and comported with applicable

10   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

11   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

12   of the Complaint.

13   85.    Defendant is without knowledge or information sufficient to form a belief as to the truth

14   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

15   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

16   when used in accordance with its FDA-approved prescribing information.  Defendant states that

17   the potential effects of Bextra® were and are adequately described in its FDA-approved

18   prescribing information, which was at all times adequate and comported with applicable

19   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

20   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

21   of the Complaint.

22   86.    Defendant states that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendant states that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers

27   without substantial change from the time of sale.  Defendant denies any wrongful conduct,

28   denies that Bextra® is defective or unreasonably dangerous, and denies remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

this paragraph of the Complaint.

87.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies remaining allegations in this paragraph of the Complaint.

88.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

89.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

90.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

91.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Fifth Cause of Action: Fraudulent Misrepresentation

92.     Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

93.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

94.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2    of the Complaint.

3    95.    Defendant states that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendant states that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

8    of the Complaint.

9    96.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

11   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

12   when used in accordance with its FDA-approved prescribing information.  Defendant states that

13   the potential effects of Bextra® were and are adequately described in its FDA-approved

14   prescribing information, which was at all times adequate and comported with applicable

15   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

16   allegations in this paragraph of the Complaint.

17   97.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

19   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

20   when used in accordance with its FDA-approved prescribing information.  Defendant states that

21   the potential effects of Bextra® were and are adequately described in its FDA-approved

22   prescribing information, which was at all times adequate and comported with applicable

23   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

24   Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the

25   Complaint.

26   98.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

3  remaining allegations in this paragraph of the Complaint.

4  99.    Defendant states that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

9  of the Complaint.

10  100.    Defendant admits that, during certain periods of time, it marketed and co-promoted

11  Bextra® in the United States to be prescribed by healthcare providers who are by law

12  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

13  any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the

14  remaining allegations in this paragraph of the Complaint.

15  101.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

16  damages, and denies the remaining allegations in this paragraph of the Complaint.

17  102.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

18  damages, and denies the remaining allegations in this paragraph of the Complaint.

19  103.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

20  damages, and denies the remaining allegations in this paragraph of the Complaint.

21  **Response to Sixth Cause of Action: Fraudulent Concealment**

22  104.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

23  Complaint as if fully set forth herein.

24  105.    Defendant states that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendant states that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  of the Complaint.

2  106.    Defendant states that Bextra® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Bextra® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7  of the Complaint.

8  107.    Defendant states that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendant states that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

13  remaining allegations in this paragraph of the Complaint, including all subparts.

14  108.    Defendant states that this paragraph of the Complaint contains legal contentions to

15  which no response is required.  To the extent that a response is deemed required, Defendant

16  admits that it had duties as are imposed by law but denies having breached such duties.

17  Defendant states that Bextra® was and is safe and effective when used in accordance with its

18  FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

19  were and are adequately described in its FDA-approved prescribing information, which was at

20  all times adequate and comported with applicable standards of care and law.  Defendant denies

21  any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22  109.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

24  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

25  when used in accordance with its FDA-approved prescribing information.  Defendant states that

26  the potential effects of Bextra® were and are adequately described in its FDA-approved

27  prescribing information, which was at all times adequate and comported with applicable

28  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining

2    allegations in this paragraph of the Complaint.

3    110.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

5    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

6    when used in accordance with its FDA-approved prescribing information.  Defendant states that

7    the potential effects of Bextra® were and are adequately described in its FDA-approved

8    prescribing information, which was at all times adequate and comported with applicable

9    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

10    allegations in this paragraph of the Complaint.

11    111.    Defendant states that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendant states that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

16    of the Complaint.

17    112.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

19    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

20    when used in accordance with its FDA-approved prescribing information.  Defendant states that

21    the potential effects of Bextra® were and are adequately described in its FDA-approved

22    prescribing information, which was at all times adequate and comported with applicable

23    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

24    allegations in this paragraph of the Complaint.

25    113.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

26    damages, and denies the remaining allegations in this paragraph of the Complaint.

27    114.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

28    damages, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   115.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

2   damages, and denies the remaining allegations in this paragraph of the Complaint.

3   **Response to Seventh Cause of Action: Negligent Misrepresentation**

4   116.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   117.    Defendant states that this paragraph of the Complaint contains legal contentions to

7   which no response is required.  To the extent that a response is deemed required, Defendant

8   admits that it had duties as are imposed by law but denies having breached such duties.

9   Defendant states that Bextra® was and is safe and effective when used in accordance with its

10  FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

11  were and are adequately described in its FDA-approved prescribing information, which was at

12  all times adequate and comported with applicable standards of care and law.  Defendant denies

13  the remaining allegations in this paragraph of the Complaint.

14  118.    Defendant states that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendant states that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

19  of the Complaint.

20  119.    Defendant states that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendant states that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

25  denies the remaining allegations in this paragraph of the Complaint.

26  120.    Defendant states that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendant states that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

3  of the Complaint.

4  121.    Defendant states that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

9  denies the remaining allegations in this paragraph of the Complaint.

10  122.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

11  damages, and denies the remaining allegations in this paragraph of the Complaint.

12  123.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

13  damages, and denies the remaining allegations in this paragraph of the Complaint.

14  124.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

15  damages, and denies the remaining allegations in this paragraph of the Complaint.

16  **Response to Eighth Cause of Action: Fraud and Deceit**

17  125.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

18  Complaint as if fully set forth herein.

19  126.    Defendant states that Plaintiffs fail to provide the proper context for the allegations in

20  this paragraph of the Complaint.   Defendant therefore lacks knowledge or information

21  sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

22  127.    Defendant states that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendant states that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27  of the Complaint.

28  128.    Defendant denies any wrongful conduct and denies the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   paragraph of the Complaint.

2   129.    Defendant states that this paragraph of the Complaint contains legal contentions to

3   which no response is required.  To the extent that a response is deemed required, Defendant

4   admits that it had duties as are imposed by law but denies having breached such duties.

5   Defendant denies the remaining allegations in this paragraph of the Complaint.

6   130.    Defendant states that Bextra® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendant states that the potential effects of

8   Bextra® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11  of the Complaint.

12  131.    Defendant states that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendant states that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendant denies the remaining allegations in this paragraph of the Complaint.

17  132.    Defendant states that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendant states that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

22  of the Complaint.

23  133.    Defendant states that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28  of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

134.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

135.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

136.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

137.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

138.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
2    of the Complaint.

3    139.    Defendant states that Bextra® was and is safe and effective when used in accordance
4    with its FDA-approved prescribing information.  Defendant states that the potential effects of
5    Bextra® were and are adequately described in its FDA-approved prescribing information,
6    which was at all times adequate and comported with applicable standards of care and law.
7    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
8    of the Complaint.

9    140.    Defendant states that Bextra® was and is safe and effective when used in accordance
10   with its FDA-approved prescribing information.  Defendant states that the potential effects of
11   Bextra® were and are adequately described in its FDA-approved prescribing information,
12   which was at all times adequate and comported with applicable standards of care and law.
13   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
14   of the Complaint.

15   141.    Defendant states that Bextra® was and is safe and effective when used in accordance
16   with its FDA-approved prescribing information.  Defendant states that the potential effects of
17   Bextra® were and are adequately described in its FDA-approved prescribing information,
18   which was at all times adequate and comported with applicable standards of care and law.
19   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
20   of the Complaint.

21   142.    Defendant states that Bextra® was and is safe and effective when used in accordance
22   with its FDA-approved prescribing information.  Defendant states that the potential effects of
23   Bextra® were and are adequately described in its FDA-approved prescribing information,
24   which was at all times adequate and comported with applicable standards of care and law.
25   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
26   of the Complaint.

27   143.    Defendant states that Bextra® was and is safe and effective when used in accordance
28   with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

144.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

145.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

146.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

147.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

148.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

149.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

150.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

151.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

152.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

153.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

154.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Ninth Cause of Action: Loss of Consortium**

155.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

156.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph of the Complaint regarding Plaintiffs' marital status, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint.

2    157.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

3    damages, and denies the remaining allegations in this paragraph of the Complaint.

4    158.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

5    damages, and denies the remaining allegations in this paragraph of the Complaint.

6                                **Response to Prayer for Relief**

7            Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

8    damages, and denies the remaining allegations in Plaintiffs' Prayer for Relief, including all

9    subparts.

10                                           **III.**

11                                    **GENERAL DENIAL**

12   Defendant denies the allegations and/or legal conclusions set forth in Plaintiffs' Complaint that

13   have not been previously admitted, denied, or explained.

14                                           **IV.**

15                               **AFFIRMATIVE DEFENSES**

16           Defendant reserves the right to rely upon any of the following or additional defenses to

17   claims asserted by Plaintiffs to the extent that such defenses are supported by information

18   developed through discovery or evidence at trial.  Defendant affirmatively shows that:

19                                    **First Defense**

20   1.      The Complaint fails to state a claim upon which relief can be granted.

21                                    **Second Defense**

22   2.      Bextra® is prescription medical product.  The federal government has preempted the

23   field of law applicable to the labeling and warning of prescription medical products.

24   Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

25   federal law.  Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon

26   which relief can be granted; such claims, if allowed, would conflict with applicable federal

27   law and violate the Supremacy Clause of the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Third Defense

2   3.    At all relevant times, Defendant provided proper warnings, information and

3   instructions for the drug in accordance with generally recognized and prevailing standards in

4   existence at the time.

5   ### Fourth Defense

6   4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

7   Bextra® conformed to the generally recognized, reasonably available, and reliable state of

8   knowledge at the time the drug was manufactured, marketed and distributed.

9   ### Fifth Defense

10  5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

11  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

12  ### Sixth Defense

13  6.    Plaintiffs' action is barred by the statute of repose.

14  ### Seventh Defense

15  7.    Plaintiffs' claims against Defendant are barred to the extent Plaintiffs were

16  contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages,

17  and any recovery by Plaintiffs should be diminished accordingly.

18  ### Eighth Defense

19  8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

20  omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the

21  part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not

22  liable in any way.

23  ### Ninth Defense

24  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

25  intervening causes for which Defendant cannot be liable.

26  ### Tenth Defense

27  10.   Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were

28  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

act of God.

## Eleventh Defense

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiffs.

## Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.   Bextra® provided adequate warnings to Plaintiffs' treating and prescribing physicians.

## Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

## Fifteenth Defense

15.    Plaintiffs' causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

## Sixteenth Defense

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventeenth Defense**

17.     Plaintiffs' alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical product at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiffs' claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiffs' claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable

1  federal laws, regulations, and rules.

2  ### Twenty-fifth Defense

3  25.    Plaintiffs' claims are barred, in whole or in part, because Defendant provided adequate

4  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5  of Comment j to Section 402A of the Restatement (Second) of Torts.

6  ### Twenty-sixth Defense

7  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

8  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

9  Restatement (Second) of Torts § 402A, Comment k.

10  ### Twenty-seventh Defense

11  27.    Plaintiffs' claims are barred, in whole or in part, because the subject pharmaceutical

12  product at issue "provides net benefits for a class of patients" within the meaning of

13  Restatement (Third) of Torts: Products Liability, § 6, Comment f.

14  ### Twenty-eighth Defense

15  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16  Products Liability.

17  ### Twenty-ninth Defense

18  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead

19  facts sufficient under the law to justify an award of punitive damages.

20  ### Thirtieth Defense

21  30.    Defendant affirmatively avers that the imposition of punitive damages in this case

22  would violate Defendant's rights to procedural due process under the Fourteenth Amendment

23  of the United States Constitution and the Constitutions of the States of California and

24  Missouri, and would additionally violate Defendant's rights to substantive due process under

25  the Fourteenth Amendment of the United States Constitution.

26  ### Thirty-first Defense

27  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

28  Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-35-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.     Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States

1   Constitution, and applicable provisions of the Constitutions of the States of Kansas and

2   California.  Any law, statute, or other authority purporting to permit the recovery of punitive

3   damages in this case is unconstitutional, facially and as applied, to the extent that, without

4   limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

5   discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

6   void for vagueness in that it failed to provide adequate advance notice as to what conduct will

7   result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state

8   conduct, conduct that complied with applicable law, or conduct that was not directed, or did

9   not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an

10  amount that is not both reasonable and proportionate to the amount of harm, if any, to

11  Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration

12  of net worth or other financial information relating to Defendant; (6) lacks constitutionally

13  sufficient standards to be applied by the trial court in post-verdict review of any punitive

14  damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive

15  damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

16  without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

17  *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

18  519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

19

20  39.    The methods, standards, and techniques utilized with respect to the manufacture,

21  design, and marketing of Bextra®, if any, used in this case, included adequate warnings and

22  instructions with respect to the product's use in the package inserts and other literature, and

23  conformed to the generally recognized, reasonably available, and reliable state of the

24  knowledge at the time the product was marketed.

**Fortieth Defense**

25

26  40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

27  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

28  the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-first Defense**

41.    If Plaintiffs sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra.   Accordingly, Plaintiffs' claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United
2  States.

3  **Fifty-fourth Defense**

4  54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity
5  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6  **Fifty-fifth Defense**

7  55.    Defendant states on information and belief that the Complaint and each purported
8  cause of action contained therein is barred by the statutes of limitations contained in California
9  Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of
10  limitation as may apply.

11  **Fifty-sixth Defense**

12  56.    Defendant states on information and belief that any injuries, losses, or damages
13  suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other
14  actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiffs' recovery
15  against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

16  **Fifty-seventh Defense**

17  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of
18  Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil
19  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive
20  damages is also barred under California Civil Code § 3294(b).

21  **Fifty-eighth Defense**

22  58.    Defendant states that to the best of Defendant's knowledge, information, and belief,
23  reasonable discovery will likely produce evidentiary support demonstrating that the fault of
24  others for whom Defendant is not responsible directly caused or contributed to Plaintiffs'
25  injuries, and the fault of Plaintiffs and such others should be compared pursuant to K.S.A. §
26  60-258(a).

27  **Fifty-ninth Defense**

28  59.    Plaintiffs' claims are barred by Defendant's compliance with relevant legislative and

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-40-
ANSWER TO COMPLAINT – 3:08-cv-2911-CRB

1    administrative regulatory safety standards authorized by the Kansas Product Liability Act,

2    K.S.A. §§ 60-3301, et seq.

3                                    **Sixtieth Defense**

4    60.      To the extent Plaintiffs contend that Plaintiffs are entitled to damages pursuant to a

5    personal injury claim, which contention is expressly denied, claims for non-economic losses

6    may not exceed $250,000 pursuant to K.S.A. § 60-19a.

7                                  **Sixty-first Defense**

8    61.      Plaintiffs' claims against Defendant are barred by K.S.A. § 60-3306.

9                                 **Sixty-second Defense**

10    62.     Plaintiffs' claims against Defendant are limited by K.S.A. § 60-1903.

11                                 **Sixty-third Defense**

12    63.     Defendant states that any award of punitive damages in this case would violate

13    Defendant's procedural and substantive due process rights because there are insufficient

14    circumstances in this case to support the reasonableness of an award of punitive damages and

15    there are inadequate legal and procedural constraints imposed on the fact finder's discretion to

16    impose such awards.  The standard for punitive damages in Kansas lack sufficient objective

17    criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of

18    proportionality regarding punitive damages.

19                                 **Sixty-fourth Defense**

20    64.     Defendant states that it would violate Defendant's rights guaranteed by the United

21    States Constitution and the Kansas Constitution to impose punitive damages against it which

22    are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond

23    a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement

24    to such damages would be provided by a "clear" and "convincing" standard of proof, in view

25    of insufficient substantive and procedural protections under Kansas law regarding punitive

26    damages.

27                                  **Sixty-fifth Defense**

28    65.     Defendant reserves the right to supplement its assertion of defenses as it continues with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-41-

1    its factual investigation of Plaintiffs' claims.

2                                            **IV.**

3                                         **PRAYER**

4    WHEREFORE, Defendant prays for judgment as follows:

5    1.      That Plaintiffs take nothing from Defendant by reason of the Complaint;

6    2.      That the Complaint be dismissed;

7    3.      That Defendant be awarded its costs for this lawsuit;

8    4.      That the trier of fact determine what percentage of the combined fault or other liability

9            of all persons whose fault or other liability proximately caused Plaintiffs' alleged

10           injuries, losses or damages is attributable to each person;

11   5.      That any judgment for damages against Defendant in favor of Plaintiffs be no greater

12           than an amount which equals their proportionate share, if any, of the total fault or other

13           liability which proximately caused Plaintiffs' damages; and

14   6.      That Defendant has such other and further relief as the Court deems appropriate.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   July 16, 2008                              GORDON & REES LLP

2

3                                             By:_____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA  94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8   July 16, 2008                              TUCKER ELLIS & WEST LLP

9

10                                            By:_____/s/_____

11                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
12                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071-2223
13                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
14
                                                   Attorneys for Defendant
15                                                 PFIZER INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

July 16, 2008                                    GORDON & REES LLP


By: _____/s/_____
　　Stuart M. Gordon
　　sgordon@gordonrees.com
　　Embarcadero Center West
　　275 Battery Street, 20th Floor
　　San Francisco, CA  94111
　　Telephone:  (415) 986-5900
　　Fax:  (415) 986-8054

July 16, 2008                                    TUCKER ELLIS & WEST LLP


By: _____/s/_____
　　Michael C. Zellers
　　michael.zellers@tuckerellis.com
　　515 South Flower Street, Suite 4200
　　Los Angeles, CA 90071-2223
　　Telephone:  (213) 430-3400
　　Fax:  (213) 430-3409

　　Attorneys for Defendant
　　PFIZER INC.